UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION


United States of America,      )
                               )
          Plaintiff,           )
                               )
     vs.                       )     Case No. 1:20CR12
                               )
Jason Michael Musgrove,        )
                               )
          Defendant.           )
_____)


(REDACTED) CHANGE OF PLEA HEARING
BEFORE THE HONORABLE J. RANDAL HALL
CHIEF UNITED STATES DISTRICT COURT JUDGE
THURSDAY, SEPTEMBER 3, 2020; 11:05 A.M.


FOR THE PLAINTIFF:

     Tara M. Lyons, Esquire
     U.S. Attorney's Office
     Post Office Box 2017
     Augusta, Georgia 30903
     (706)724-0517

FOR THE DEFENDANT:

     M. Travis Saul, Esquire
     Enterprise Mill
     1450 Greene Street
     Augusta, Georgia 30901
     (706)724-1896

OFFICIAL COURT REPORTER:

     Lisa H. Davenport, RPR, FCRR
     Post Office Box 5485
     Aiken, South Carolina 29804
     (706)823-6468

1          (Call to Order at 11:05 a.m.)

2          THE CLERK:  The court calls case number 1:20CR12.  The

3   United States of America v Jason Michael Musgrove.  Tara Lyons

4   for the government.  Travis Saul for the defendant.  Here for a

5   plea to an Information.

6          THE COURT:  Good morning.

7          MS. LYONS:  Good morning.

8          MR. SAUL:  Good morning.

9          THE COURT:  Mr. Musgrove, I am going to ask you to

10  stand during the hearing, please, sir.  Mr. Musgrove, it is my

11  understanding that in this case you were indicted by the grand

12  jury of this district on six counts involving various charges

13  of child pornography.  I understand that you have entered into

14  a plea agreement and as part of that plea agreement you are now

15  going to plead guilty to count one of an Information.  Is that

16  correct?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Did anyone force you, threaten you or

19  pressure you to come into court this morning and plead guilty

20  to this count one of the Information?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  And I note that count one of the

23  Information that you're pleading guilty to the production of

24  child pornography; correct?

25         THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  Now, Mr. Musgrove, if you have any trouble

2  hearing me or understanding me during this hearing, if you'll

3  let me know I'll be glad to correct the problem.  Furthermore,

4  you're represented this morning by Mr. Saul.  If you wish to

5  speak to him at any time, feel free to do so.  With those brief

6  housekeeping matters then out of the way, I'll ask the clerk to

7  place you under oath.

8    (Jason Michael Musgrove is duly sworn.)

9    THE CLERK:  Please state your name for the record.

10   THE DEFENDANT:  Jason Michael Musgrove.

11   THE CLERK:  Thank you.

12   THE COURT:  Mr. Musgrove, by taking that oath you've

13  promised to tell the truth during this hearing.  If you do not

14  you can be prosecuted by the government for perjury or making a

15  false statement and they can use those statements against you

16  in such prosecution.  All right.  How old are you?

17   THE DEFENDANT:  Forty years old.

18   THE COURT:  Are you single or married?

19   THE DEFENDANT:  Recently divorced.

20   THE COURT:  Do you have any children?

21   THE DEFENDANT:  Two.

22   THE COURT:  How old are your children?  Tell me about

23  your children.

24   THE DEFENDANT:  My daughter just turned 18 in May.

25   THE COURT:  Okay.

1          THE DEFENDANT:  And my son is 16.

2          THE COURT:  What kind of work did you do before you

3    were arrested?

4          THE DEFENDANT:  I was in the Army.

5          THE COURT:  What was your job in the Army?

6          THE DEFENDANT:  I was a Computer Network Engineer.

7          THE COURT:  Was that a part of the cyber command?

8          THE DEFENDANT:  Most recently, yes.

9          THE COURT:  How far did you go in school?

10          THE DEFENDANT:  Master's degree.

11          THE COURT:  In what?

12          THE DEFENDANT:  Information Technology.

13          THE COURT:  Where did you obtain that?

14          THE DEFENDANT:  University of Maryland University

15    College.

16          THE COURT:  I assume, obviously, you can read and

17    write?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Are you under the influence of any alcohol

20    or drugs this morning?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  Are you currently taking any prescription

23    medication?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Are you currently being treated for any

1  type of mental illness?

2          THE DEFENDANT:  No, Your Honor.

3          THE COURT:  Now the United States Attorney on

4  March 2nd of this year filed a single count Information against

5  you charging you with the offense of production of child

6  pornography.  The Information states that on or about December

7  of 2018 in Columbia County you knowingly employed and used

8  minor MV1, a minor whose identity is known to the grand jury,

9  to engage in sexually explicit conduct for the purpose of

10 producing a visual depiction of that conduct and the visual

11 depiction was produced using materials that were either mailed,

12 shipped or transported in interstate or foreign commerce by any

13 means including by computer.  In this case it was an image or

14 video with a file name Toilet.mp4 depicting MV1 engaging in

15 sexually explicit conduct, this being a violation of federal

16 law.

17         Have you seen this Information and discussed it with

18 Mr. Saul?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Do you understand what you've been charged

21 with in this Information?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Have you had as much time to talk to

24 Mr. Saul as you'd like to about this charge?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Now, Mr. Musgrove, this is a felony.

2    Under our Constitution you have a right to insist that this

3    felony charge be brought against you in an indictment rather

4    than in an information.  An indictment is a formal charging

5    document returned by a grand jury that is composed of at least

6    16, but not more than 23, fellow citizens.  Before a felony

7    charge can go forward in this court at least 12 members of that

8    grand jury must find that there is probable cause to believe

9    that you committed the crime and then vote to return an

10   indictment charging you with the crime.

11         If you want, Mr. Musgrove, you can waive your right to

12   be charged in an indictment and agree to be charged in an

13   information which is this document.  This is simply a document

14   prepared and filed by the United States Attorney.  If you agree

15   to be charged in this information this case will proceed

16   against you based upon the information just as though you have

17   been indicted on this specific charge.

18         Is there a waiver of ---

19         MR. SAUL:  Your Honor, it's been handed to me.

20         THE COURT:  Okay.  Go right ahead.

21         MR. SAUL:  We still need to sign it.

22         THE COURT:  Go ahead.

23         MR. SAUL:  It's been signed, Your Honor.

24         THE COURT:  Okay.  Mr. Musgrove, I believe you just

25   signed a form consenting to have this charge brought against

1   you in this information.  Is that what you want to do?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Do you understand that by agreeing to the

4   information you are, in fact, waiving the right to be indicted

5   on this charge?  Do you clearly understand that?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  Very well.  That waiver of indictment form

8   has been signed and by all the parties -- by the defendant and

9   his counsel and now by the Court -- and should be entered into

10  the record of this hearing.

11           Now the law provides that you have a right to plead

12  not guilty to this Information and to maintain a plea of not

13  guilty.  If you plead not guilty and persist in your plea, then

14  you would have a right to have a jury trial, but by pleading

15  guilty you're going to be giving up the right to have a jury

16  trial.  Because of that, Mr. Musgrove, I am required to inform

17  you of what your rights would be as it relates to that trial

18  and other items that are important about that jury trial.

19           So you would have a right to a speedy and public trial

20  before a jury selected from the citizens of this district -- in

21  fact, of this division of this district.  You would have a

22  right to be present for trial and for all of the proceedings

23  involved in your case.  At the trial you and your lawyer would

24  have the right to be -- to participate in the jury selection

25  and you would have a right to challenge jurors by using what

1    the law calls preemptory challenges.

2           You would have a right to be represented by counsel

3    not only at trial but at every other part of the proceeding or

4    matter in your particular criminal case.  You would have a

5    right to have counsel appointed if you could not afford to pay

6    the counsel's fee.  I believe in this case Mr. Saul has been

7    appointed to represent you.  Is that correct?

8           THE DEFENDANT:  That's correct, Your Honor.

9           THE COURT:  Are you satisfied with the help that

10   you've received from him as your lawyer in this case?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Now at that trial you would have a right

13   to -- first, you would be presumed innocent and it would be the

14   government's burden or responsibility to prove your guilt

15   beyond a reasonable doubt.  You would have a right if you chose

16   to put forth a defense.  That could include using the court's

17   subpoena power to bring witnesses to court to testify as part

18   of your defense.  That could include you taking the stand and

19   testifying as part of your defense with the government's right

20   to cross examine you.  You would have a right to hear and see

21   the government's witnesses and to have those witnesses cross

22   examined.

23          You would have a right to remain silent.  If you chose

24   to remain silent and not testify at trial, that fact or the

25   fact that you did not put on a defense would not be used

1   against you.  You would have a right to appeal any verdict that

2   may be reached at that jury trial.  You would have a right to

3   have a lawyer help you with that appeal and you would have a

4   right to have that lawyer appointed at public expense if you

5   could not afford to pay the lawyer for their fee for the

6   appeal.

7           So by pleading guilty this morning to this charge

8   you're going to be giving up the right to a jury trial and all

9   the trial-related rights that I described.  In other words,

10  there will be no trial of any kind on count one because you

11  will have plead guilty and found guilty based upon that plea.

12  Do you clearly understand that?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And knowing now what your jury trial

15  rights are do you wish to waive your right to a jury trial on

16  count one and move to plead guilty?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  All right.  Let's talk a minute about this

19  plea agreement that you've entered into.  Did you sign this

20  plea agreement?

21          THE DEFENDANT:  Yes, I did.

22          THE COURT:  Did you go over it with Mr. Saul before

23  you signed it?

24          THE DEFENDANT:  Yes.

25          THE COURT:  When you enter into a plea agreement with

1   the government you agree to be bound by all of the terms of the

2   agreement and you agree that all the facts that are contained

3   in the agreement are true and accurate.  Do you understand

4   that?

5             THE DEFENDANT:  Yes, Your Honor.

6             THE COURT:  Does this agreement contain everything you

7   agreed to?

8             THE DEFENDANT:  Yes, Your Honor.

9             THE COURT:  So other than the government's promises to

10  you in this plea agreement has anyone else promised you

11  anything else in order to get you to sign this plea agreement

12  and plead guilty?

13            THE DEFENDANT:  No, Your Honor.

14            THE COURT:  I am not going to go over every paragraph.

15  I do want to mention a few things.  Obviously, you've decided

16  to plead guilty to count one of the Information.  In response

17  the government has said that they will at sentencing ask the

18  court by motion to dismiss all the counts of the indictment

19  that are currently pending.

20            You've agreed to forfeit your interest in certain

21  property that was used or intended to be used to commit this

22  offense including thumb drives, a black wireless camera, other

23  matters that are listed in the plea agreement.

24            I also note that as part of the Plea Agreement that

25  you've agreed with the government and they've agreed that for

1   purposes of the sentencing guidelines this offense that you're

2   pleading guilty to did not involve material that, A, portrays

3   sadistic or masochistic conduct or other depictions of violence

4   or, B, involved material that portrayed an infant or a toddler.

5             I also want you to know that this Plea Agreement

6   contains an appeal waiver.  The appeal waiver has two parts.

7   The part one is that you're waiving your right to directly

8   appeal your conviction and sentence on any ground with three

9   exceptions:  You may appeal your sentence if your sentence

10   should exceed the maximum penalty that the law allows for this

11   charge or should the sentence exceed the applicable sentencing

12   guideline range or should the government appeal.

13             The second part provides that you are waiving your

14   right to collaterally attack your conviction and sentence in a

15   post-conviction proceeding.  The only exception to that waiver

16   is that you're not giving up the right to attack your --

17   collaterally attack your conviction and sentence based upon a

18   claim of ineffective assistance of counsel.  Do you understand

19   that this agreement contains the appeal waiver that I just

20   described?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  So, once again, this agreement contains

23   everything you agreed to; correct?

24             THE DEFENDANT:  That's correct, Your Honor.

25             THE COURT:  All right.  Now there are consequences to

1   you for pleading guilty to this charge.  Let me go over those.

2   First, penalties -- potential statutory penalties.  In your

3   case you could be sent to prison for not less than 15 -- there

4   is a mandatory minimum -- and not more than 30 years.  You

5   could be fined not more than $250,000.  You could be placed on

6   supervised release for not less than five years -- another

7   mandatory statutory minimum -- and not more than life.  You

8   will be required to register as a sex offender.  Restitution --

9   you have agreed in the plea agreement and the law provides that

10  you will be potentially required to pay some restitution to any

11  victim -- to the victim in this particular case.  If applicable

12  there are certain special assessments that you may be required

13  to pay as part of your sentence and then there is a $100

14  special assessment that you'll be required to pay at the time

15  of sentencing.  Do you now understand these potential

16  penalties?

17          THE DEFENDANT:  Yes, I do, your Honor.

18          THE COURT:  You are in the federal system where there

19  is no parole; therefore, whatever prison sentence you

20  receive -- and we know by law it will be not less than 15

21  years -- you will be in custody for all of that sentence with

22  the ability to have that actual time reduced by good time

23  credits that you might earn while you are there.  After your --

24  you have served your prison sentence, you'll will be released

25  on supervised release.  That is a time where you are subject to

1   a number of rules and conditions and the supervision of the

2   court through the United States Probation Office.  If you break

3   the rules of supervised release you can be arrested, brought

4   back to court, and if I revoke supervised release you can be

5   sent back to prison to serve an additional period of time.

6          Finally, as a result of this felony conviction you'll

7   lose the right to vote, to serve on a jury, to hold public

8   office, and to own or possess firearms or ammunition.

9          Do you now understand, Mr. Musgrove, the consequences

10  to you of pleading guilty to this felony charge this morning?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Now let me talk to you a minute about

13  sentencing.  At the end of the hearing I am going to ask the

14  probation officer who is over here in the jury box who I

15  believe has been assigned to your case -- he is going to

16  investigate your case and he is going to prepare a written

17  report that will help me determine your final sentence.  We

18  call that a Presentence Investigation Report.  He will meet

19  with you and your counsel and will ask you a number of

20  questions -- in other words, an interview.

21         He will then prepare a draft report.  That draft

22  report will be provided to Mr. Saul and to the government.  You

23  will meet with Mr. Saul and go over the draft report and to the

24  extent that the report may contain any errors or anything that

25  you may object to, then you need to let the officer know --

14

1    probation officer.  The probation officer will then prepare a

2    final report.  You will again meet with Mr. Saul and see the

3    final Presentence Report.  The government will get the final

4    report and, very importantly, I get the final report, and that

5    is what I read and study and use to determine your final

6    sentence.

7            So once I have the final report, then the court -- we

8    will schedule your sentencing hearing and bring you back to

9    court for sentencing.  At your hearing -- your sentencing

10   hearing -- if there are any outstanding objections to the

11   Presentence Report, I will hear those objections and resolve

12   them.  Then if you and Mr. Saul wish to present me with any

13   character witnesses or letters of support or anything else that

14   you think I need to know about you, you'll get the chance to do

15   that.  Furthermore, as a defendant you have the right to make a

16   personal statement.  So if you decide there is something you'd

17   like to say to the court in that hearing, you'll get the chance

18   to make that statement.

19           Now as part of that hearing I will adopt the final

20   Federal Sentencing Guidelines that apply to your particular

21   case.  These final guidelines will not be a surprise because

22   they will have been in the Presentence Report.  So you will

23   know ahead of time what those guidelines are.  Occasionally, if

24   there is an objection filed and the objection is upheld, there

25   may be an adjustment in the guidelines that are contained in

1   the report, but that's pretty rare.

2           Anyway, the guidelines are not mandatory.  They're

3   advisory.  So once I announce the range of months and adopt the

4   range of months that is suggested by the guidelines, then I can

5   sentence you within the range or I can go below the range or

6   above the range.  That is a summary of how you'll be sentenced,

7   Mr. Musgrove.  Do you have any questions?

8           THE DEFENDANT:  No, Your Honor.

9           THE COURT:  Did anyone make a promise, prediction or

10  prophecy that you would receive a specific sentence in this

11  case?

12          THE DEFENDANT:  No, Your Honor.

13          THE COURT:  All right.  Now in order to convict you of

14  this production of child pornography charge at trial the

15  government -- remember, I told you the burden of proof would be

16  on the government and they would have to prove guilt beyond a

17  reasonable doubt.  So what exactly would they have to prove

18  beyond a reasonable doubt?  First, that an actual minor -- that

19  is, a real person -- who was less than 18 years old was

20  depicted; second, that you employed and used that minor to

21  engage in sexually explicit conduct for the purpose of

22  producing a visual depiction of that conduct; and, third, the

23  visual depiction was produced using materials that had either

24  been mailed, shipped or transported in interstate or foreign

25  commerce by any means including by computer.

1    Mr. Musgrove, do you now understand what the

2    government would have to prove?

3    THE DEFENDANT:  Yes, Your Honor.

4    THE COURT:  Would they be able to prove that beyond a

5    reasonable doubt?

6    THE DEFENDANT:  Yes, Your Honor.

7    THE COURT:  All right.  With that admission, then I am

8    going to ask you to sit down and I am going to now look to

9    Ms. Lyons to provide me the factual basis for Mr. Musgrove's

10   plea this morning.

11   MR. SAUL:  Judge, if I could have just one minute to

12   speak to my client.

13   THE COURT:  Yes.

14   Are you going to do that by proffer or testimony?

15   MS. LYONS:  By proffer with approval of defense

16   counsel, Your Honor.

17   MR. SAUL:  Thank you, Judge.  We're fine with the

18   proffer.

19   THE COURT:  You're fine with the proffer?

20   MR. SAUL:  Yes, Your Honor.

21   THE COURT:  All right.  The record will note that.

22   You may proceed, Counsel.

23   MS. LYONS:  Thank you, Your Honor.  May it please the

24   Court.  Your Honor, for the record if I could state that I did

25   have a discussion with Mr. Saul and also with Probation Officer

1   Joseph Brown before offering this proffer to the Court.  There
2   are a number of minor victims in this case and in an effort to
3   minimize any impact or exposure to specific acts I am very much
4   limiting the proffer that I am providing to the Court today,
5   but Mr. Saul and Mr. Brown are aware that the full acts are in
6   discovery and will be included in a sentencing report, and if
7   we need to get into any of those facts at the sentencing, I
8   would ask Your Honor to consider closing that sentencing to
9   protect the victims, but for today's purpose if you will give
10  me a little bit of indulgence to move very slow so that I don't
11  make an error as I'm going along.

12          THE COURT:  Go ahead.  Sure.

13          MS. LYONS:  Thank you.  On Wednesday, December 4,
14  2019, an FBI agent was acting in an undercover capacity as a
15  part of the Child Exploitation Task Force.  On that date the
16  undercover entered a private Kik group.  Kik is a free mobile
17  application that permits users to send text messages and other
18  content including video and images.  Kik also allows members to
19  create groups that will allow the users to communicate as a
20  group and send pictures and videos privately.

21          At approximately 1:55 on December 4, 2019, a new user
22  entered the Kik group and used the name "That John Thomas guy."
23  That John Thomas guy received an automatic message for new
24  users that indicated the target needed to send two pics or
25  videos of a girl -- young girl -- to the administrator upon

1   entry and needed to verify his authenticity.  The target then

2   sent the undercover two separate images of a teenage girl

3   clothed via the Kik private message as well as a live and

4   historical picture of himself and that minor.

5        During the course of the private chats on December 4th

6   the undercover observed the target in a second Kik group

7   posting a nude image of minor victim one.  In the second Kik

8   group the target also commented on child pornography that was

9   being disseminated by other Kik users.  During the course of

10  the private Kik messages with the UC, the target sent three

11  images of minor victim one.

12       These are considered child pornography, Your Honor.

13       On December 5, 2019, the target continued to

14  communicate with the UC via Kik private messenger and the

15  target informed the UC that he was employed as an officer for

16  the Army.  The target also talked about his usage of a spy

17  camera and indicated that it is quite small and I set it up as

18  needed and it has a motion-sensing capability.  On December 5,

19  2019, the target then discussed with the UC drugging and having

20  sex with minor victim one.

21       Due to this information the FBI decided to send an

22  emergency disclosure request to Kik in order to obtain

23  subscriber information related to the account

24  thatjohnthomasguy.  On or about December 5th Kik replied and

25  provided IP addresses that tracked back to U-verse and AT&T and

finally resolving to Jason Musgrove at XXXX XXXXXXXX XXXXX,

Grovetown, Georgia.  This is located in Columbia County.

On or about December 5 of 2019 the FBI conducted an

open-source search via Facebook and found a Facebook account

where they were able to find an image of Jason Musgrove that

matched the images the target had sent the UC for verification.

On or about December 5, Special Agent Godbee contacted Army

Criminal Investigation at Fort Gordon in order to gather more

information about Mr. Musgrove.  Special Godbee was told that

Mr. Musgrove was a major on active duty in the U.S. Army

working at the NSA campus.  CID also confirmed that the address

listed for Mr. Musgrove in the DOD databases was XXXX XXXXXXXX

XXXXX in Grovetown, Georgia.

Based on this Special Agent Godbee conducted

surveillance at that address in Grovetown, Georgia.  On

December 6th Special Agent Godbee applied for an arrest

warrant, a criminal complaint, and a search warrant for the

residence of Mr. Musgrove.  On December 6th Special Agent

Godbee and other members of the FBI executed that arrest

warrant and search warrant and during the execution of the

search warrant Special Agent Godbee had the opportunity to

speak to Mr. Musgrove.

If Special Agent Godbee had testified today he would

tell you that Mr. Musgrove was completely cooperative.

Mr. Musgrove admitted to using his cellular telephone and a

1   camera to surreptitiously record minor females at his residence

2   in Grovetown, Georgia.  Mr. Musgrove admitted to utilizing an

3   email address that included 1982johnthomas@gmail.com.  On

4   December 6th the FBI and Special Agent Godbee were able to

5   seize devices from the residence to include two thumb drives,

6   external hard drive, a Dell laptop, and a cellular telephone.

7   Special Agent Godbee would later conduct a forensic analysis of

8   those devices.

9           On that date Special Agent Godbee was also able to

10  obtain a consent to take over account for Mr. Jason Musgrove in

11  relation to Mr. Musgrove's Google drive.  Upon review Special

12  Agent Godbee located in Mr. Musgrove's Google drive videos of

13  minor victims one, two, three, and four.  Special Agent Godbee

14  was able to confirm that these -- the females depicted were

15  minors at the time the images were taken in or about December

16  of 2018. The videos appeared to be taken on a hidden camera

17  that was located in a vent in the bathroom of the residence.

18          Your Honor, I believe I have covered all elements of

19  the offense.  Specifically, I would note for interstate

20  commerce we have a cellphone, cameras, and the use of the

21  Google drive.  I beg the Court's indulgence.

22          Your Honor, normally at a change of plea I would

23  describe images.  I think we have no objection to not

24  describing those images and that the images would have met the

25  definition of sexually explicit conduct of a person under the

1  age of 18, but just to cover the record I wanted to make sure.

2       MR. SAUL:  No objection, Your Honor.

3       THE COURT:  All right.  So, Mr. Saul, on behalf of

4  Mr. Musgrove you agree that the images did depict a minor

5  engaging in sexually explicit conduct?

6       MR. SAUL:  Yes, Your Honor.

7       THE COURT:  All right.  Mr. Musgrove, if you would

8  stand again, please, sir.  Mr. Musgrove, you've just heard that

9  statement of the facts in this case.  Do you agree with what

10 Ms. Lyons told the Court?

11      THE DEFENDANT:  Yes, Your Honor.

12      THE COURT:  Do you still want to plead guilty to count

13 one of the Information, the charge of production of child

14 pornography?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  Are you pleading guilty because you are,

17 in fact, guilty of committing this crime?

18      THE DEFENDANT:  Yes, Your Honor.

19      THE COURT:  The record should reflect then that

20 Mr. Musgrove has plead guilty to count one of the Information.

21 Let the plea now be signed.

22      THE CLERK:  The defendant's plea of guilty to count

23 one has been entered.

24      THE COURT:  The Court now finds then that Mr. Musgrove

25 has waived his right to indictment and has agreed to proceed

1    today by Information.  He is competent and fully understands

2    this count one charge against him.  There is a factual basis

3    supporting his guilty plea on this charge.  He knows the

4    statutory punishment that could be imposed upon a conviction of

5    this charge including the statutory minimum of incarceration

6    and supervised release.  He knows his jury rights which he has

7    knowingly and voluntarily waived.  His decision to plead guilty

8    to this charge this morning was voluntary, knowing, and not as

9    a result of any force, pressure, threats or promises other than

10   the promises made by the government in the plea agreement;

11   therefore, I find -- I now adjudge Mr. Musgrove guilty of count

12   one of the Information based upon his guilty plea.

13          I now order the preparation of the Presentence

14   Investigation Report and direct that copies be provided to the

15   parties when available.  Upon the issuance of the final

16   Presentence Report, the court will schedule and conduct

17   sentencing.  Pending sentencing then I remand Mr. Musgrove to

18   the custody of the United States Marshal.  I believe we are

19   concluded.  Thank you.

20          (The hearing is concluded.)

21

22

23

24

25

CERTIFICATE OF REPORTER

        I, Lisa H. Davenport, Federal Official Reporter, in and
for the United States District Court for the Southern District
of Georgia, do hereby certify that pursuant to Section 753,
Title 28, United States Code that the foregoing is a true and
correct transcript of the stenographically-reported proceedings
held and that the transcript page format is in conformance with
the regulations of the Judicial Conference of the United
States.


                        _____

                        Lisa H Davenport, RPR, FCRR
                        Federal Official Reporter